# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

| | |
|---|---|
| **DAWANTAYE BOSWELL,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | **Civil Action No.: 5:14-CV-131** <br> **Criminal Action No.: 5:11-CR-32** <br> **(STAMP)** |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On October 6, 2014, Petitioner Dawantaye Boswell ("Petitioner" or "Defendant"), acting *pro se*, filed a Motion [ECF No. 167] under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody[1] (the "Petition"). On April 30, 2015, and May 4, 2015, the Court entered Orders [ECF Nos. 181 & 182] Directing Respondent to Answer the Petition. On May 28, 2015, Respondent filed its Response [ECF No. 185] to the Petition. Subsequently, on August 4, 2015, Petitioner filed his Reply[2] [ECF No. 192] to the Response and a Motion [ECF No. 193] to Expand the Record,[3] which was granted.

On February 23, 2016, the Court entered an Order [ECF No. 195] appointing

---

[1] Throughout this Report and Recommendation, all ECF numbers refer to entries in the docket of Criminal Action No. 5:11-CR-32.
[2] On June 29, 2015, Petitioner filed a Motion [ECF No. 189] to Enlarge Time to File his Reply, which the Court granted in an Order [ECF No. 190] dated July 6, 2015. Therefore, Petitioner's Reply was timely filed.
[3] Specifically, Petitioner requested that the record include "a letter addressed to Brendan Leary, Assistant Federal Public Defender, from John C. Parr, Assistant United States Attorney, . . . dated August 10, 2011." ECF No. 193-1 at 1.

counsel, Tracy Weese, for Petitioner regarding the Petition. On March 28, 2016, Ms. Weese filed a Motion [ECF No. 204] to amend the Petition, requesting that the Court allow an additional claim for relief. However, the Court denied Ms. Weese's Motion in a Paperless Order [ECF No. 205], finding that she "does not have authority to represent Petitioner beyond the issue [raised in the Petition]." Therefore, on April 4, 2016, Petitioner filed a Pro Se Motion [ECF No. 213] for Leave to Amend his Petition. On April 22, 2016, the Government filed its Response [ECF No. 219] to the Pro Se Motion. The Court deferred ruling on the Pro Se Motion in a Paperless Order [ECF No. 221] dated May 18, 2016, but authorized the parties to brief the issue raised in the Motion. Accordingly, on June 3, 2016, and June 17, 2016, Petitioner and Respondent filed their respective briefs [ECF Nos. 223 & 224] regarding the Pro Se Motion. On July 6, 2016, an evidentiary hearing was held regarding the Petition and Pro Se Motion.[4]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition and Pro Se Motion be denied.

## II. BACKGROUND

**A. Conviction, Sentence and Appeal**

On July 8, 2011, the Government filed a Criminal Complaint against Petitioner, alleging that Petitioner had "[k]nowingly and intentionally possess[ed] with [the] intent to distribute [an] excess of 280 grams of cocaine base, also known as 'crack,'" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 1 at 1. The Complaint was based, in

---

[4] The evidentiary hearing was limited to two issues: the Petition's fourth ground for relief and the Pro Se Motion.

part, on the results of several executed search warrants of Petitioner's apartment. See id. at 2. Subsequently, on August 1, 2011, a federal grand jury returned a two-count Indictment against Petitioner. ECF No. 3. In the Indictment, Petitioner was charged in Count One with possession with intent to distribute more than 280 grams of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 860, and in Count Two with establishment of manufacturing operations, in violation of 21 U.S.C. § 856(a)(2). Id. at 1-2.

On August 7, 2012, a jury trial was held before United States District Judge Frederick P. Stamp, Jr. The trial lasted a total of three days. Petitioner testified on his own behalf during the trial. United States v. Boswell, 530 F. App'x. 214, 217 (4th Cir. 2013). Specifically, Petitioner testified that "none of the drug-related items found in his apartment belonged to him and that another individual had used his apartment without his permission to 'cook' more than 400 grams of cocaine base." Id. On August 9, 2012, the jury returned a verdict of guilty against Petitioner on Counts One and Two of the Indictment. ECF No. 135.

On November 5, 2012, a sentencing hearing was held before Judge Stamp. During the hearing, the parties litigated whether a two-point obstruction of justice enhancement was appropriate based on Petitioner's trial testimony. Id. At the conclusion of the hearing, Judge Stamp found that Petitioner had willfully provided false testimony on a material matter and that, therefore, the two-point enhancement was appropriate. Id. As a result, Judge Stamp sentenced Petitioner to "235 months' [imprisonment] as to each of Counts One and Two, to be served concurrently." ECF No. 147 at 2. Additionally, Judge Stamp sentenced Petitioner to six years of supervised

release as to Count One and three years of supervised release as to Count Two, to be served concurrently. ECF No. 147 at 3.

On November 8, 2012, Petitioner filed a Notice of Appeal. ECF No. 149. In the Notice, Petitioner contended that the district court had:

> (1) erred in denying [the] motion to suppress [the fruits of the first warrant procured by law enforcement officers to search his apartment]; (2) . . . abused its discretion by admitting into evidence [at trial] an incoming text message found on one of the cell phones located in [his] apartment; and (3) . . . failed at sentencing to make the findings required to support a two-point obstruction of justice enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2011).

Boswell, 530 F.App'x. at 215. On June 20, 2013, the United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal in a *per curiam* opinion and affirmed Petitioner's conviction and sentence. Id. On July 12, 2013, the Fourth Circuit's judgment went into effect. ECF No. 162. Subsequently, Petitioner filed a petition for *certiorari* to the United States Supreme Court, which was denied. ECF No. 167 at 2-311.

### III. DISCUSSION

#### A. Petitioner's Grounds for Relief

In the Petition, Petitioner raises four grounds for relief. ECF No. 167. First, Petitioner argues that he was denied his Fifth Amendment right to due process when "[s]tate and federal authorities acted in concert to delay [his] federal [indictment] . . . [and] appointment of counsel." Id. at 5. Second, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to timely object to the first search warrant executed against him pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Id. at 6. Third, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel

4

"failed to inquire into the jury selection process that resulted in no African-Americans or Asians in the venire from which [the] jury was selected." Id. at 8. Finally, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel rejected a plea offer on the first day of trial without first presenting the offer to Petitioner. Id. at 9. Petitioner requests that the Court "[s]et aside [his] conviction and sentence[ ] and provide any other relief that the Court determines is just and necessary." Id. at 13.

In his Pro Se Motion to Amend the Petition, Petitioner alleges a new ineffective assistance of counsel claim. Specifically, Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to properly advise him prior to testifying at trial that he could face enhancements at sentencing if the Court found that his testimony was untruthful. ECF No. 220 at 1. Petitioner requests that the Court grant him leave to amend the Petition to include this claim. Id. at 2.

**B.  Legal Standards**

    **1.  Pre-Indictment Delay Claims**

The Fourth Circuit has developed a two-pronged test for courts to use when determining whether a pre-indictment delay violates the Due Process Clause of the Fifth Amendment. United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 403 (4th Cir. 1985). Initially, a court must ask whether the defendant proved actual prejudice. Id. This "prejudice prong" is "a heavy burden because it requires not only that a defendant show actual prejudice, as opposed to mere speculative prejudice, but also that he show that any actual prejudice was *substantial*—that he was meaningfully impaired in his ability to defend against the [government's] charges to such an extent

that the disposition of the criminal proceeding was likely affected." Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1996) (emphasis in original) (internal citations omitted). Then, if the initial requirement is met, the court must consider the government's reasons for the delay. Id. A delay is justified if the time was needed to continue the investigation. United States v. Stinson, 594 F.2d 982, 984 (4th Cir. 1979).

### 2. Ineffective Assistance of Counsel Claims

The United States Supreme Court has set forth a two-pronged test for courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was objectively unreasonable. Strickland, 466 U.S. at 688. In other words, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." Id. at 687 However, a reviewing court does not "grade" the counsel's performance and a strong presumption exists that the "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002).

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that, if a defendant cannot meet the "prejudice" prong, then a reviewing court need not consider the "performance" prong, and vice versa. Fields, 956 F.2d at 1297.

**C. Analysis of the Petition and of Petitioner's Pro Se Motion to Amend the Petition**

    **1. The Merits of the Petition's Grounds for Relief**

        **a. Ground One**

Petitioner contends that state and federal authorities acted in concert to delay his federal indictment, violating his Fifth Amendment right to due process. ECF No. 167 at 5. Respondent argues that there was no delay and that Petitioner fails to allege any facts showing collusion between state and federal authorities. ECF No. 185 at 20.

In the present case, the undersigned finds that there was no pre-indictment delay. Petitioner states that his "case began when Wheeling, West Virginia, police responded to a report . . . on July 8, 2011." ECF No. 167 at 5. The following day, the Government filed a Criminal Complaint against Petitioner and on August 1, 2011, the date of the next available grand jury session, the Government presented Petitioner's case to a grand jury and received an Indictment against Petitioner. Because the Government presented Petitioner's case to the next available grand jury session, Petitioner cannot show that the Government delayed seeking his Indictment in any way.[5]

---

[5] Petitioner also argues that the Government violated Federal Rule of Criminal

Nevertheless, assuming *arguendo* that there was pre-indictment delay, the delay did not violate Petitioner's due process rights because the delay did not cause any prejudice to Petitioner. While Petitioner argues that "[v]aluable defense evidence was lost" due to pre-indictment delay, Petitioner appears to be merely speculating and offers no support for the statement. ECF No. 192 at 5. Therefore, Petitioner fails to meet the heavy burden of proving substantial actual prejudice. As a result, Petitioner's first ground for relief is without merit and should be denied.

### b. Ground Two

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to timely object to the first search warrant executed against him pursuant to Franks v. Delaware, 438 U.S. 154 (1978). ECF No. 167 at 6. Respondent counters by arguing that this ground for relief is barred due to the "mandate rule." ECF No. 185 at 13.

In Franks, the U.S. Supreme Court held that the Fourth Amendment requires that a hearing be held at a defendant's request if two conjunctive elements are met. Franks, 438 U.S. at 155-56. First, a "defendant [must] make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. Id. Second, the alleged false statement must have been necessary to the finding of probable cause. Id. The Supreme Court later expanded the first element to include statements omitted by an affiant "that[,]

---

Procedure 4(a) because it "chose to wait several weeks" after the filing of the Criminal Complaint to take Petitioner from state custody and bring him before a federal judicial officer. ECF No. 192 at 2. However, Rule 4(a) states that a warrant must "command that the defendant be arrested and brought without unnecessary delay before a magistrate judge *or . . . a state or local judicial officer.*" Fed. R. Crim. P. 4(a). Moreover, this issue is unrelated to Petitioner's claim of pre-indictment delay.

when included[,] would defeat a probable cause showing." United States v. Tate, 524 F.3d 449, 455 (4th Cir. 2008).

The mandate rule provides that issues decided by an appellate court, either expressly or impliedly, may not be re-litigated in a trial court. United States v. Bell, F.3d 64, 66 (4th Cir. 1993). However, certain exceptions to the mandate rule exist. See id. Specifically, a trial court may disregard the mandate rule if: (1) controlling legal authority has changed dramatically; (2) significant new evidence, which was not previously obtainable in the exercise of due diligence, has come to light or (3) a blatant error in the prior decision will, if uncorrected, result in a serious injustice. Id. at 67; United States v. Aramony, 166 F.3d 655, 662 (4th Cir.1999).

In the present case, the undersigned finds that Petitioner's second ground for relief is barred by the mandate rule. Though couched as an ineffective assistance of counsel claim, Petitioner's second ground for relief is essentially the same one that has already been rejected by the trial court and the Fourth Circuit. Petitioner contends that, in the first search warrant, the affiant omitted material facts that would have defeated the probable cause showing. ECF No. 167 at 6; ECF No. 167-3 at 6. However, whether the first search warrant was supported by probable cause was previously litigated before the trial court and the Fourth Circuit. Indeed, the Fourth Circuit stated that, "for purposes of our analysis, we . . . assume[d] without deciding that the search warrant at issue was unsupported by probable cause." Boswell, 530 F.App'x. at 215. However, the Fourth Circuit held that, even if the first search warrant was not supported by probable cause, the exclusionary rule did not apply and the evidence found as a result of the search should not be repressed. Id. at 215-16. While Petitioner argues that the Fourth

Circuit did not explicitly discuss the Franks case, the issue was impliedly litigated before the Court. Consequently, because the mandate rule applies and because Petitioner has not alleged any exception to the mandate rule, Petitioner's second ground for relief is without merit and should be denied.

### c. Ground Three

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel "failed to inquire into the jury selection process that resulted in no African-Americans or Asians in the venire from which [the] jury was selected." ECF No. 167 at 8. Respondent argues that Petitioner's jury was selected in accordance with the Constitution, United States Code and policies of this Court and that, had Petitioner's counsel objected to the process, the objection would have been frivolous. ECF No. 185 at 16-19. Petitioner counters by arguing that, regardless of whether the jury was selected in accordance with the Constitution, Petitioner's counsel "fail[ed] to examine how the selection policy was carried out in this particular case." ECF No. 192 at 8-9.

A criminal defendant has the right to a trial by a jury selected from a fair cross-section of the community. Duren v. Missouri, 439 U.S. 357, 363-64 (1979). To establish a *prima facie* case for a violation of the Sixth Amendment right to a jury venire that is a "fair cross-section" of the community, a petitioner must show that a "distinctive" segment of the community was "substantially underrepresented" in the jury pool as a result of "systematic exclusion" of the group. Id. at 364.

The undersigned finds that Petitioner has failed to meet his burdens under the Strickland two-pronged test. Assuming *arguendo* that Petitioner meets the

"performance" prong of the test, Petitioner still fails to meet the "prejudice" prong. Petitioner has not shown that his counsel's error so prejudiced his defense as to render the trial unfair or to cast suspicion on the jury's verdict. Indeed, Petitioner is arguing that his counsel failed to examine the jury selection process, not that the jury selection process was in fact unconstitutional. However, even if the jury selection process was unconstitutional and Petitioner's counsel had objected to the process, the likelihood is that a new, properly empaneled jury would have reached the same verdict and found Petitioner guilty based on the overwhelming weight of evidence against Petitioner.[6] Consequently, Petitioner's third ground for relief is without merit and should be denied.

### d. Ground Four

Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his counsel rejected a plea offer on the first day of trial without first presenting the offer to Petitioner. ECF No. 167 at 9. Respondent contends that no plea offer was made on the first day of trial, either formally or informally. ECF No. 185 at 19. Respondent explains that Petitioner had rejected two different plea offers prior to trial and that, on the first day of trial, "the United States [merely] inquired of defense counsel [whether Petitioner] had changed his position." Id.

"As a general rule, defense counsel has the duty to communicate *formal* offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) (emphasis added). A formal offer is one in which "its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry

---

[6] The undersigned also notes that Petitioner's conviction was upheld by the Fourth Circuit.

turns on the conduct of earlier pretrial negotiations." Id. at 1409. However, a defense counsel's failure to communicate a formal plea offer does not automatically constitute ineffective assistance. United States v. Mitchell, 484 F.App'x. 744, 745 (4th Cir. 2012). To the contrary:

> To show prejudice from ineffective assistance of counsel in a case involving a plea offer, petitioners must demonstrate a reasonable probability that[:] (1) "they would have accepted the earlier plea offer had they been afforded effective assistance of counsel," and (2) "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law."

Merzbacher v. Shearin, 706 F.3d 356, 366 (4th Cir. 2013).

In the present case, the undersigned finds that no plea offer was conveyed to Petitioner on the first day of trial. At the start of the trial, the Assistant United States Attorney ("AUSA") assigned to Petitioner's case indisputably asked defense counsel whether Petitioner had changed his mind regarding pleading guilty. However, the testimony presented during the evidentiary hearing clearly establishes that, at best, this question was an offer to re-open plea negotiations, not a plea offer in and of itself.[7] The fact that the AUSA and defense counsel did not discuss any terms of a possible plea agreement or document that a plea offer had been made or rejected further establishes that no plea offer was in fact extended. Because Petitioner cannot show that his counsel failed to present a plea offer to him, he likewise cannot show ineffective assistance of counsel. Nevertheless, assuming *arguendo* that a plea offer was extended to Petitioner, Petitioner has not shown that the plea would have been entered without the prosecution

---

[7] During the evidentiary hearing, John C. Parr, the AUSA who conveyed the disputed remark to defense counsel, testified that the remark was flippantly made after Petitioner's motion to suppress was denied.

cancelling it. Consequently, Petitioner's fourth ground for relief is without merit and should be denied.

### 2. Pro Se Motion to Amend the Petition

In the Pro Se Motion to Amend the Petition, Petitioner attempts to raise a fifth ground for relief. ECF No. 220. Respondent argues that Petitioner may not raise a new ground for relief because any new claims are time-barred. ECF No. 219 at 2. Petitioner does not contest that his new claim is time-barred but argues that he should be entitled to amend the Petition because the new claim "relate[s] back to the filing date of the original pleading." ECF No. 220 at 1-2 (internal citations omitted). Petitioner reasons that "both the original plea and the amendment arise out of the same conduct, transaction, or occurrence, to-wit: the attorney client meeting which occurred on August 7, 2012." Id.

Regarding the merits of Petitioner's new ground for relief, Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to properly advise him prior to testifying at trial that he could face enhancements at sentencing if the Court found that his testimony was untruthful. ECF No. 220 at 1. Respondent contends that Petitioner fails to meet his burden of proving ineffective assistance of counsel because he does not allege that, had counsel informed him that he could face sentencing enhancements for false testimony, he would not have testified. ECF No. 224 at 9.

Federal Rule of Civil Procedure 15 governs amendments.[8] Fed. R. Civ. P. 15. Specifically, Rule 15 provides that, if a motion to amend alleges a claim that is time-

---

[8] Rule 12 of the Rules Governing Section 2255 Proceedings provides:

barred, then the motion should generally be denied. See Fed. R. Civ. P. 15(c). However, a motion to amend will not be denied if the new claim "relates back" to the original pleading. Id. A claim relates back to the original pleading when "the claim . . . arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Id.

Many courts have narrowly interpreted the relation back principle in § 2255 proceedings. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). For example:

> In United States v. Craycraft, a defendant filed a timely § 2255 motion alleging ineffective assistance of counsel for failure to pursue a downward departure and for failure to object to the type of drugs at issue. In his proposed amendment, the defendant sought to add a claim that his counsel failed to file an appeal as instructed. The Eighth Circuit found that the proposed amendment did not relate back and therefore was time-barred. In United States v. Duffus, a defendant asserted several ineffective assistance of counsel claims in his original motion, and the amended claim alleged his counsel failed to move to suppress evidence. The Third Circuit found that the amended claim was completely new, and thus "could not be deemed timely under the 'relation back' provisions of Fed. R. Civ. P. 15(c)."

Id. (internal citations omitted). Courts following the narrow interpretation of the relation back principle have ruled that a motion to amend is appropriate "to clarify a claim initially made," not to raise a new claim. United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999). The Fourth Circuit has endorsed this narrow interpretation. Pittman, 209 F.3d at 317.

---

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules . . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate.

United States v. Pittman, 209 F.3d 314, 316-17 (4th Cir. 2000). Therefore, because the Rules Governing Section 2255 do not specify a procedure for amending motions, "courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion." Id. at 317.

In the present case, the undersigned finds that Petitioner's new ground for relief is time-barred because it does not relate back to the original pleading. Petitioner's case is very similar to the Duffus case, the principles of which the Fourth Circuit has endorsed. Like the defendant in Duffus, Petitioner asserted several ineffective assistance of counsel claims in the original Petition and then attempted to file another such claim after it became untimely. However, like the amended claim in Duffus, Petitioner's amended claim is completely new and arises out of a different set of facts than his previous claims. To illustrate, Petitioner's new claim does not relate to pre-indictment delay, the first search warrant, the jury selection process or an alleged plea offer.[9] Therefore, Petitioner's amended claim may not be raised at this time.

Nevertheless, assuming *arguendo* that Petitioner's new claim is not time-barred, the undersigned further finds that it fails on its merits because Petitioner has not met his burden under the Strickland two-pronged test. While Petitioner argues that his counsel failed to properly advise him prior to testifying at trial that he could face enhancements at sentencing if the Court found that his testimony was untruthful, Petitioner has not shown that he was prejudiced by his counsel's actions. During the evidentiary hearing, it was established that three different attorneys who had been assigned to Petitioner's case at various times of the pretrial process had recommended that Petitioner enter into a plea agreement

---

[9] Petitioner contends that the new claim arises out of the same conduct, transaction or occurrence as his fourth ground for relief, reasoning that his counsel's failure to advise him of the alleged plea offer and failure to warn him of a possible enhanced sentence both occurred during one conversation between Petitioner and defense counsel on August 7, 2012. ECF No. 220 at 1-2. The undersigned disagrees because the two claims for ineffective assistance of counsel arise from two separate and distinct alleged breaches of duty on the part of defense counsel.

with the Government but that Petitioner refused to do so. It was also established that, despite one of these attorneys negotiating a plea deal prior to trial that met all of Petitioner's demands, Petitioner still refused to enter into a plea agreement. Instead, Petitioner insisted that his case go to trial. Although Petitioner now states that he would have entered into a plea agreement had he known of the obstruction of justice enhancement, the undersigned finds that the testimony provided at the evidentiary hearing shows otherwise. The undersigned also notes that Petitioner's trial counsel testified during the evidentiary hearing that Petitioner's defense hinged on Petitioner's testimony. Consequently, Petitioner is unable to meet the "prejudice" prong of the Strickland two-pronged test and Petitioner's new claim should be denied.

## IV.    RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 167] and the Pro Se Motion for Leave to Amend the Petition [ECF No. 213] be **DENIED**. I further **RECOMMEND** that the § 2255 proceeding be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court

based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 1st day of August, 2016.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE